**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **EMMA DUNCAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WESLEY WOODS SENIOR LIVING, INC.,**<br><br>**Defendant.** | **CIVIL ACTION FILE**<br><br>**NO. 1:17-CV-898-MHC** |

# ORDER

This action is before the Court on the Final Report and Recommendation of Magistrate Judge Justin S. Anand [Doc. 6] ("R&R") recommending that Defendant's Motion to Dismiss [Doc. 3] be granted. The Order for Service of the R&R [Doc. 7] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Within the time period for filing objections, Plaintiff filed her "Objection to Magistrate Judge's Report and Recommendation" [Doc. 8] ("Pls.' Objs."), and Defendant has filed its response thereto [Doc. 9].

In reviewing a magistrate judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2012). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. FED. R. CIV. P. 72(b), advisory committee's note to 1983 amendment.

In the R&R, Judge Anand recommends that Defendant's motion to dismiss be granted for two reasons. First, Judge Anand concludes that Plaintiff's retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), must be dismissed for failure to exhaust administrative remedies by failing to include it in her charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). R&R at 7-12.

Second, Judge Anand concluded that, even if Plaintiff had exhausted her administrative remedies with respect to her retaliation claim, that claim would still be dismissed for failure to state a plausible claim of unlawful retaliation. Id. at 12-16.

It should first be noted that Plaintiff failed to respond to Defendant's motion to dismiss before Judge Anand. Under the local rules of this Court, "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1B, NDGa. This Court would be authorized to grant the motion to dismiss as unopposed based upon the failure of Plaintiff, who is represented by counsel, to respond to the motion. Ammedie v. Sallie Mae, Inc., 485 F. App'x 399, 401 n.1 (11th Cir. 2012); Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998). In addition, the district court has the discretion to decline to consider any argument not presented to the magistrate judge. Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009). Notwithstanding Plaintiff's failure to respond to the motion to dismiss or to raise any of the arguments to Judge Anand that she now presents in her objections, the Court will exercise its discretion to consider those objections.

Plaintiff first contends that Judge Anand "disregarded" the law relating to exhaustion of administrative remedies with respect to Title VII cases. Pl.'s Objs. at 2-3. It is undisputed that the charge of discrimination that Plaintiff filed with the

EEOC was based on race (not retaliation) and alleged that she was discharged for "failing to follow policy related to patient care." See Ex. 1 attached to Def.'s Mem. in Supp. of Mot. to Dismiss [Doc. 4] at 14.[1]

> As we have explained, "[t]he purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.' " Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted). Thus, we have held that "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but [have] cautioned that allegations of new acts of discrimination are inappropriate." Id. at 1279-80 (citation omitted).

Lambert v. Ala. Dep't of Youth Servs., 150 F. App'x 990, 993 (11th Cir. 2005), see also Chanda v. Englehard/ICC, 234 F.2d 1219, 1225 (11th Cir. 2000) (holding that Title VII action is "limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.").

In her Complaint, Plaintiff contends that she was wrongfully discharged from her employment with Defendant in retaliation for her complaint to the CEO about possible compliance issues. Compl. ¶¶ 17, 19, 26. Because the allegations in Plaintiff's Complaint could not reasonably be expect to grow out of the charge

[1] Plaintiff has not disputed the authenticity of this document.

made to the EEOC alleging racial discrimination for failing to follow policy, Judge Anand's determination that Plaintiff's retaliation claim would not have been investigated by the EEOC and, therefore, she did not exhaust her administrative remedies, is supported by the record.

Plaintiff's legal citations do not demand a different result. Hungate v. Winter, No. 05CV2296-WQH (JMA), 2007 WL 1975436 (S.D. Cal. May 3, 2007), an unpublished decision from a different circuit, actually supports the decision in this case. In Hungate, the plaintiff alleged in her complaint that she was harassed and discriminated against based upon her race and national origin, but her charge filed with the EEOC complained of discrimination based on her disability. Id. at *1-2. The court concluded that her complaint for discrimination based upon her race and national origin was not "like or reasonably related to" her claim for disability discrimination. Id. at *6-7. Sims v. Apfel, 530 U.S. 103, 105 (2000), did not concern an EEOC charge but whether a Social Security claimant who exhausts her administrative remedies before an administrative law judge was required to include all issues in a request for review before the Social Security Appeals Council prior to including them in a lawsuit. Plaintiff's contention that Judge Anand applied some form of heightened standard of review is belied by the actual R&R, which applies the appropriate standard.

Second, Plaintiff asserts that Judge Anand erred by failing to conclude that Plaintiff's retaliation claim is "like or related" to the charge filed with the EEOC. Pl.'s Objs. at 3-5. However, nothing in Plaintiff's EEOC charge is "like or related" to the allegations filed in her Complaint.

Finally, Plaintiff contends that because she was acting *pro se* during her EEOC proceeding, she should be afforded more leeway in having her Complaint continue notwithstanding the failure to raise the allegations before the EEOC, citing Diversey v. Schmidly, 738 F.3d 1196, 1199 (10th Cir. 2013). Diversey did not involve an issue of exhaustion of administrative remedies or the construction of pleadings at the administrative level but the liberal construction of pleadings that are filed in court pro se. Plaintiff is represented by counsel in this Court.

Importantly, even if this Court sustained one or more of Plaintiff's objections, there would still be Judge Anand's finding that, even if Plaintiff is deemed to have exhausted her administrative remedies, she has failed to state a claim for retaliation. R&R at 12-16. Plaintiff has raised no objection to this finding, which this Court has reviewed for plain error and finds none.

For the above reasons, it is **ORDERED** that Plaintiff's Objections to the R&R [Doc. 8] are **OVERRULED**.

The Court **APPROVES AND ADOPTS** the Report and Recommendation [Doc. 6] as the judgment of the Court.

It is hereby **ORDERED** that Defendant's Motion to Dismiss [Doc. 3] is **GRANTED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 17th day of July, 2017.

MARK H. COHEN
United States District Judge